IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN L. GAYLES, )
 )
    Petitioner, )
 )
v. ) Civil Action No. 3:11cv738–HEH
 )
WARDEN DIGGS, *et al.*, )
 )
    Respondents. )

## MEMORANDUM OPINION
(Granting Respondents' Motion to Dismiss)

Kevin L. Gayles, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondents move to dismiss the § 2254 Petition. Respondents provided Gayles with appropriate *Roseboro* notice.[1] (ECF No. 12.) Gayles has not responded. The matter is ripe for disposition.

### I. GAYLES'S CLAIMS

In his present § 2254 Petition, Gayles argues entitlement to relief upon the following grounds:

    Claim One    "The Virginia Supreme Court erred. The evidence was insufficient as a matter of law to convict defendant of use of a firearm while in commission of murder . . . [and] *demonstrated confusion of issues*."[2] (§ 2254 Pet. 6 (emphasis added).)

---

[1] *See Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975).

[2] The Court corrects the capitalization, punctuation, and grammar in quotations from Gayles's submissions.

Claim Two   Counsel rendered ineffective assistance because Gayles "requested attorney to appeal case for review to three panel judge and the Supreme Court, attorney . . . did not appeal to either." (§ 2254 Pet. Aff. 1; *see* § 2254 Pet. 7.)

Claim Three   "The trial court abused its discretion when it erred in convicting Gayles in a very unusual offense, when the defendant was found not guilty of the predicate offense *where the verdict was inconsistent*." (§ 2254 Pet. 9 (emphasis added).)

Claim Four   Insufficient evidence existed to sustain the conviction.[3]

Claims One, Three, and Four all relate to the sufficiency of the evidence. For reasons explained in conjunction with Claim Four, Gayles's challenges to the sufficiency of the evidence lack merit. Nevertheless, this Court reads Claims One and Three to demand relief, not merely because the evidence was insufficient, but because of jury confusion (Claim One) and inconsistent verdicts (Claim Three). As explained below, the jury confusion aspect of Claim One is defaulted and the remaining claims lack merit.

## II. PROCEDURAL HISTORY

A grand jury in the Circuit Court of the City of Richmond, Virginia ("Circuit Court") charged Gayles, *inter alia*, with murder and use of a firearm in the commission of murder. For reasons unknown here, the jury found Gayles guilty of use of a firearm in commission of a murder, but acquitted Gayles of murder.[4] After Gayles's conviction,

---

[3] The Court notes that Gayles failed to list Claim Four but directs the Court to "see attached." (§ 2254 Pet. 11.) The attachment is identical to the supporting argument and affidavit filed with his state habeas petition in the Supreme Court of Virginia. As Respondents point out, Gayles fails to delineate a fourth claim in his attachment, but apparently intends to argue insufficiency of the evidence, which he presented as Claim Three in his state petition. (§ 2254 Pet. Attach. 4–6.)

[4] Claims One and Three in the present § 2254 Petition demand relief based upon this inconsistency.

counsel noted an appeal in the Circuit Court, however, counsel failed to file a petition for appeal in the Court of Appeals of Virginia. Subsequently, the Supreme Court of Virginia granted Gayles leave to file a belated appeal. *Gayles v. Dir., Dep't of Corr.*, No. 092507, at 1 (Va. May 5, 2010).

### A. Direct Appeal

In his subsequent petition for appeal, Gayles raised three claims of trial court error.[5] In his third claim Gayles argued: "The trial court abused its discretion when it denied Gayles's motion to set aside the verdict based upon *inconsistent verdicts* due to an insufficiency of the evidence." Petition for Appeal at ii, *Gayles v. Commonwealth*, No. 1273-10-2 (Va. Ct. App. filed Oct. 6, 2010) (emphasis added). The Court of Appeals aptly summarized the abundant evidence of Gayles's guilt as follows:

> On the evening of December 28, 2007, [Kurstine] Bailey rode with [Brandon] Austin to the Foxwood apartment complex to see appellant. Both Bailey and Austin got out of the car. While Bailey was talking on her telephone, she saw appellant leave a porch and walk toward Austin. Appellant was wearing a dark stocking hat. Austin and [Gayles][6] went behind a building together. Bailey immediately heard the sound of gunshots. Appellant reappeared at the front of the building and walked quickly toward Bailey. Appellant was no longer wearing the hat. He jerked the chain off Bailey's neck and took her money and telephone. Appellant pointed a gun at Bailey's face and told her to walk the other way.

---

[5] In the first two claims, not relevant here, counsel argued: (1) the trial court erred in denying Gayles's motion in limine objecting to an identification of the shooter because it violated the confrontation clause; and, (2) the trial court erred in denying Gayles's motion to suppress an out-of-court identification of Gayles because of an overly suggestive identification procedure. Petition for Appeal at ii, *Gayles v. Commonwealth*, No. 1273-10-2 (Va. Ct. App. filed Oct. 6, 2010).

[6] While the Court of Appeals of Virginia opinion states "Austin and Bailey went behind a building together," the Court clearly meant to state Austin and Gayles, as they later explain "Bailey saw appellant go behind a building with Austin." *Gayles v. Commonwealth*, No. 1273-10-2, at 5–6 (Va. Ct. App. Feb. 11, 2011).

Bailey walked down the street away from Austin's vehicle. Bailey saw appellant get into Austin's vehicle and leave the apartment complex.

After the incident, Bailey walked to the home of a friend and contacted Dionna Johnson by telephone. Bailey told Johnson to call the police because Bailey had been robbed by "Black" and she believed Austin had been shot. Bailey testified that when she met Austin a few months before his death, he was with appellant and Austin referred to appellant as "Black."

The police recovered several shell casings in the vicinity of where [Officer Randy] Hager found Austin. The police also found a dark stocking hat in the parking lot of the apartments.

Austin's aunt testified that she had been introduced to appellant as "Black." Jeff Austin, the victim's cousin, was incarcerated with appellant and knew him as "Black."

Appellant's family members testified that he had never been known as "Black." Appellant's sister testified that when she picked him up from Foxwood Apartments on the day after the shooting, he appeared calm and normal.

The Commonwealth's evidence proved Austin identified the person who shot him as "Black," and appellant was known by that name. Bailey saw appellant go behind a building with Austin just before the shots were fired. When appellant reappeared, he had a gun in his hand. Appellant obtained property from Bailey, then ordered her at gunpoint to walk away. Austin was later found on the ground at the apartment complex. He had been shot six times, and he died from his wounds.

*Gayles v. Commonwealth*, No. 1273-10-2, at 5–6 (Va. Ct. App. Feb. 11, 2011). In its discussion of the inconsistent verdict claim, the Court of Appeals of Virginia found "the evidence was sufficient to prove beyond a reasonable doubt that [Gayles] was guilty of using a firearm in the commission of murder. Therefore, the trial court did not err in refusing to set aside the verdict." *Id.* at 6. Consequently, the Court of Appeals of Virginia denied Gayles's petition for appeal. *Id.* at 1.

Counsel requested a review by a three-judge panel of the Court of Appeals of Virginia. *See* Motion for Reconsideration by a Three Judge Panel 1, *Gayles v. Commonwealth*, No. 1273-10-2 (Va. Ct. App. filed Feb. 15, 2011). The three-judge

4

panel again denied Gayles's petition for appeal "[f]or the reasons previously stated." *Gayles v. Commonwealth*, No. 1273-10-2, at 1 (Va. Ct. App. Apr. 6, 2011).

Counsel then filed a petition for appeal in the Supreme Court of Virginia raising substantially similar claims. *See* Petition for Appeal at ii, *Gayles v. Commonwealth*, No. 110854 (Va. filed May 6, 2011). The Supreme Court of Virginia refused Gayles's petition for appeal. *Gayles v. Commonwealth*, No. 110854, at 1 (Va. Aug. 9, 2011).

### B. State Habeas

On November 3, 2011, Gayles filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus 1, *Gayles v. Dir., Dep't of Corr.*, No. 111941 (Va. filed Nov. 3, 2011). In his state habeas petition, Gayles raised the following claims:

| | |
|---|---|
| Claim One | "Trial court erred in finding defendant guilty . . . . The record demonstrates confusion of issues which confused the jury." (*Id.* ¶ 14.) |
| Claim Two | "Ineffective assistance of counsel." (*Id.*) |
| Claim Three | "Trial court erred in finding the defendant guilty . . . sufficient evidence." (*Id.* ¶ 15.) |
| Claim Four | "The trial court abused its discretion, when it erred in convicting defendant in a very unusual offense, when the defendant was found not guilty on the predicate offense, where the verdict was inconsistent." (*Id.* ¶ 16.) |

By Order entered March 28, 2012, the Supreme Court of Virginia dismissed Gayles's habeas petition. *Gayles v. Dir., Dep't of Corr.*, No. 111941, at 3 (Va. Mar. 28, 2012). The Supreme Court of Virginia found that Gayles defaulted Claim One and Claim Four (Claim Three here) under the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va.

5

1974), because Gayles failed to raise these claims on direct appeal. *Id.* at 2–3. The Supreme Court of Virginia also found Claim Three (Claim Four here) barred by the rule in *Henry v. Warden*, 576 S.E.2d 495, 496 (Va. 2003) because "this issue was raised and decided in the trial court and on direct appeal." Finally, the Supreme Court of Virginia found that Claim Two lacked merit. *Id.* at 2.

### III. CLAIM LACKING FACTUAL MERIT

In Claim Two, Gayles faults counsel for failing to request a review by a three-judge panel of the Court of Appeals of Virginia. Gayles also contends counsel failed to file a petition for appeal to the Supreme Court of Virginia. These contentions lack merit. As reflected above, *see supra* Part II.A, appellate counsel pursued review by a three-judge panel in the Court of Appeals of Virginia and petitioned the Supreme Court of Virginia for an appeal. Accordingly, Claim Two will be dismissed.

### IV. EXHAUSTION AND PROCEDURAL DEFAULT

#### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."

*Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365-66). Fair presentation demands that a petitioner present "'both the operative facts and the controlling legal principles'" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a

7

habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[7] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

## B. Gayles Defaulted Claim One

The Supreme Court of Virginia found Claim One, the jury confusion claim, barred from review because Gayles failed to raise the claim at trial and on direct appeal. *Gayles v. Dir., Dep't of Corr.*, No. 111941, at 1–2 (Va. Mar. 28, 2012) (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974)). *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Gayles procedurally defaulted Claim One.

---

[7] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

Gayles faults appellate counsel for the default of Claim One. Gayles alleges that he "requested court appointed attorney to raise issue, but it was not raised by attorney, despite my request." (§ 2254 Pet. 6.) Gayles fails to establish counsel's deficiency.

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Id.* (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). Gayles fails to demonstrate the clear strength of the jury confusion ground[8] he urges here when compared with the stronger grounds pursued by

---

[8] Gayles fails to direct the Court to inaccurate jury instructions. Moreover, where a jury's inconsistent verdict can be explained as an exercise of lenity, the Court credits the explanation of lenity, rather than jury confusion. *United States v. Medina-Garcia*, 226 F. App'x 281, 287–88 (4th Cir. 2007) (citing *United States v. Powell*, 469 U.S. 57, 66 (1984)). Gayles fails to provide any basis for concluding that the inconsistency in the verdict resulted "from juror confusion, rather than a deliberate decision to exercise lenity." *Id.*

counsel. Thus, Gayles establishes no deficiency of counsel and no cause for the default of Claim One. Accordingly, Claim One will be dismissed.

### C. Respondents Fail to Demonstrate Default of Claim Three

Respondents also argue that Claim Three, the inconsistent verdict claim, is barred by *Slayton*, because Gayles failed to raise the claim at trial and on direct appeal. However, Gayles presented the issue of inconsistent verdicts in his belated direct appeal. The Court of Appeals of Virginia addressed the merits of the claim and found no error by the Circuit Court. *Gayles v. Commonwealth*, No. 1273-10-2, at 4–6 (Va. Ct. App. Feb. 8, 2011). Gayles also raised a substantially similar claim in his Petition for Appeal in the Supreme Court of Virginia. Here, Respondents fail to demonstrate that, under these circumstances and based on this record, *Slayton* constitutes an adequate procedural rule to bar review of this claim. *See Jones* 591 F.3d at 716 ("the fact that a state procedural rule is adequate in general does not answer the question of whether the rule is adequate as applied in a particular case" (quoting *Reid v. True*, 349 F.3d 788, 805 (4th Cir. 2003))). Respondents cite to no cases in which Virginia courts applied *Slayton* to bar a claim on collateral review where a petitioner raised the claim on direct appeal and the Court of Appeals of Virginia addressed the claim on the merits. Because Respondents fail to meet their burden, the Court declines to find Claim Three defaulted. Accordingly, the Court will address the merits of Claim Three.

## V. THE APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of

10

the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court emphasizes that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### A. Inconsistent Verdict Claim

In Claim Three, Gayles contends that the Circuit Court erred in not setting aside his conviction for the use of a firearm in the commission of a murder conviction when the jury acquitted Gayles of the underlying murder charge. Inconsistent verdicts fail to provide a basis for federal habeas relief. *See Hess v. Medlock*, 820 F.2d 1368, 1374–75 (4th Cir. 1987) (citing *United States v. Powell*, 469 U.S. 57, 66 (1984)); *Cortis v. Kenney*,

11

995 F.2d 838, 841 (8th Cir. 1993) ("Although 'symmetry of results may be intellectually satisfying,' it is not constitutionally required." (quoting *Standefer v. United States*, 47 U.S. 10, 25 (1980))). Accordingly, Claim Three will be dismissed.

### B. Insufficiency of the Evidence Claim

In Claim Four, Gayles renews his claim of insufficient evidence to sustain his conviction of use of a firearm in the commission of a murder.

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. *Id.* at 318.

Viewing the evidence in the light most favorable to the Commonwealth, the evidence overwhelmingly supports the conclusion that Gayles used a firearm in the commission of the murder of Austin. Gayles and Austin disappeared around a building. Bailey heard gunshots. Gayles reappeared brandishing a firearm. Police found Austin suffering from multiple gunshot wounds, and Austin died from his injuries. Before he died, Austin told the police "Black" shot him. Numerous witnesses identified Gayles as "Black." Any rational trier of fact could have found beyond a reasonable doubt that

12

Gayles used the firearm in the commission of a murder. Accordingly, Claim Four will be dismissed.

## VI. Conclusion

Respondents' Motion to Dismiss will be granted. The § 2254 Petition will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Gayles fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Feb 25 2013
Richmond, Virginia

13